UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JAMES L. BURKS, JR.                             CASE NO. 09-10170-DWH
     DEBTOR

JAMES L. BURKS, JR.                                              PLAINTIFF

VERSUS                                                   ADV. PROC. NO. 09-1064-DWH

BAC HOME LOANS SERVICING, LP,
FORMERLY KNOWN AS
COUNTRYWIDE HOME LOANS
SERVICING, LP, and UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT                                          DEFENDANTS

## OPINION

On consideration before the court are the following:

1.  Motion of BAC Home Loans Servicing, LP, for partial summary judgment; joinder in said motion by the defendant, United States Department of Housing and Urban Development; response to said motion having been filed by the plaintiff, James L. Burks, Jr.

2.  Motion for partial summary judgment filed by the plaintiff, James L. Burks, Jr.; responses to said motion having been filed by the defendants, BAC Home Loans Servicing, LP, and United States Department of Housing and Urban Development.

The court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The plaintiff, James L. Burks, Jr., ("debtor"), filed for relief pursuant to Chapter 13 of the Bankruptcy Code on January 15, 2009. He filed his complaint on April 16, 2009, against Countrywide Home Loans Servicing, LP, ("Countrywide"), now known as BAC Home Loans Servicing, LP, ("BAC"), and the United States Department of Housing and Urban Development, ("HUD").

The debtor executed a primary note and a deed of trust to purchase his residence on August 30, 2002. The original beneficiary in this deed of trust was Mortgage Electronic Registration Systems, Inc. The underlying loan is currently being serviced by BAC as the successor to Countrywide. The amount of this indebtedness as set forth on BAC's proof of claim is $109,112.21.

The primary note and deed of trust were insured by HUD. When the debtor fell behind in his payments on the primary note, HUD paid $8,878.77 to Countrywide on the debtor's behalf under HUD's Partial Claim Program. To provide security for this disbursement, on June 13, 2006, the debtor executed a subordinate note and deed of trust in favor of HUD encumbering his residence. The Partial Claim Program is codified at 12 U.S.C. §1715U(b). It applies exclusively to first lien mortgages and deeds of trust that are insured by HUD. Under this program, when an appropriate claim is made by the insured first mortgage holder, HUD pays the delinquent arrearage to the first mortgage holder, but requires the debtor to execute a subordinate note and deed of trust for the amount of the arrearage payment. This subordinate note has no monthly payment schedule, carries no rate of interest, and remains a dormant lien on the property. In this adversary proceeding, because the HUD disbursement was utilized to pay the arrearage that

2

accrued on the primary note, HUD has requested this court to treat its subordinate deed of trust as if it were a purchase money security interest.

The debtor valued his residence in his bankruptcy schedules at $94,302.00. If this value is indeed correct, the claim of HUD would be completely unsecured because the amount of the indebtedness serviced by BAC exceeds the value of the residence by a substantial amount. See 11 U.S.C. §506(a).

The debtor alleges in Count 1 of his complaint that none of the documents pertaining to either of the above described loans were signed by his wife, Shawna Yvette Dawson-Burks. Consequently, he contends, pursuant to Mississippi Code Ann. §89-1-29, that neither of the deeds of trust are valid as liens against his and his wife's homestead due to the lack of his spouse's signature.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29

3

265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

IV.

This court previously addressed this issue in *Mask v. Wells Fargo, MN, NA, (In re Mask)*, Adv. No. 08-01126-DWH (Bankr. ND Miss. 2009). The precedential authority for the *Mask* decision was the Mississippi Supreme Court case of *Jarvis v. Armstrong*, 94 Miss. 145, 48 So. 1 (1909); *see also*, Miss. Code Ann. §89-1-45. In *Jarvis*, the Mississippi Supreme Court held that a deed of trust given to secure the purchase money of a homestead was valid without the signature of the wife. The following language is set forth in the court's opinion:

> It has been repeatedly held by this court that a deed of trust given to secure the purchase money of a homestead is valid without the signature of the wife. If that be true, we can see no good or sufficient reason why the same rule should not equally apply as to money advanced to build the very house converted into a homestead. The money, while it may not be technically purchase money, creates and brings into existence the very thing that becomes the homestead. Every reason advanced for the protection of the purchase money as against a homestead right applies with equal force and effect to money used to construct the house; that is, to create and bring into existence the very subject claimed as a homestead. Until such claims are satisfied, homestead, rights cannot attach as against them.

*Jarvis*, 48 So. at 1 and 2.

*See also, Taylor v. Murphy*, 203 So.2d 82 (Miss. 1967) and *Stuart v. Kennedy & Co.*, 145 Miss. 728, 110 So. 847 (Miss. 1927).

The court finds that, as to the debtor's claim against BAC, there are no genuine issues of material fact remaining in dispute. Based on the *Jarvis* and *Mask* decisions, BAC is entitled to partial summary judgment as a matter of law as to Count 1 of the debtor's complaint. The deed of trust being serviced by BAC is a valid lien encumbering the debtor's homestead property even though it was not executed by his spouse.

V.

HUD joined BAC's motion for partial summary judgment. The facts are undisputed that the proceeds of HUD's subordinate loan were applied to cure the delinquent arrearage that had accrued on the primary loan. The court, however, finds that the payment of the proceeds to cure the primary note arrearage does not permit the subordinate deed of trust to become a purchase money security interest.

Miss. Code Ann. §89-1-29 states as follows: "A conveyance, mortgage, deed of trust, or other encumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney in fact for the spouse." Since the deed of trust securing HUD's arrearage payment is not a purchase money security interest and since it was not signed by the debtor's spouse, the deed of trust is invalid. Because HUD cannot avail itself of the purchase money exception, its joinder in BAC's motion for partial summary judgment as to Count 1 of the complaint is not well taken. Consequently, the debtor's motion for partial summary judgment as to the invalidity of HUD's non-purchase money deed of trust is well taken and will be sustained.

5

The court previously mentioned the debtor's valuation of his residence in his bankruptcy schedules. If this valuation is accurate and the claim of HUD is completely unsecured, the lien of the HUD deed of trust is potentially avoidable pursuant to §506(d) of the Bankruptcy Code. *See, In the Matter of Bartee*, 212 F.3d 277 (5th Cir. 2000), which concluded that a wholly unsecured second lien on a Chapter 13 debtor's principal residence was not subject to the Bankruptcy Code's anti-modification clause found in §1322(b)(2). However, because of the court's decision as to the validity of HUD's deed of trust and because the property valuation has not been conclusively established, the court makes no determination regarding the §506(d) avoidability issue.

A separate order will be entered consistent with this opinion.

This the 21st day of December, 2009.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE