UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JAMES L. BURKS, JR.                        CASE NO. 09-10170-DWH

JAMES L. BURKS, JR.                                                    PLAINTIFF

VERSUS                                              ADV. PROC. NO. 09-1064-DWH

COUNTRYWIDE HOME LOANS SERVICING, LP,
AND UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT                                          DEFENDANTS

OPINION

On consideration before the court is a motion for partial summary judgment filed by the defendant, Countrywide Home Loans Servicing, LP, ("Countrywide"), now known as BAC Home Loans Servicing, LP, ("BAC"); a response to said motion having been filed by the plaintiff, James L. Burks, Jr., ("debtor"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on January 15, 2009. He filed the subject complaint on April 16, 2009, against

Countrywide, now known as BAC, and the United States Department of Housing and Urban Development, ("HUD").

The debtor executed a primary promissary note and a deed of trust to purchase his residence on August 31, 2002. The original beneficiary in the deed of trust was Mortgage Electronic Registration Systems, Inc. The underlying loan is currently being serviced by BAC, as the successor to Countrywide, and the amount of the indebtedness set forth in BAC's proof of claim is $109,112.21.

The primary note and deed of trust were insured by HUD. When the debtor fell behind in his payments on the primary note, HUD paid $8,878.77 to Countrywide on debtor's behalf under HUD's Partial Claim Program. To provide security for this disbursement, on June 13, 2006, the debtor executed a subordinate note and deed of trust in favor of HUD encumbering his residence.

The debtor alleged in Count 1 of his complaint that none of the documents pertaining to either of the above described loans were signed by his wife, Shawna Yvette Dawson-Burks. Consequently, he contended, pursuant to Miss. Code Ann. §89-1-29, that neither of the deeds of trust were valid as liens against his and his wife's homestead due to the lack of his spouse's signature.

Motions for partial summary judgment as to Count 1 of the complaint were filed by the debtor, BAC, and HUD. The court concluded that there were no genuine issues of material fact remaining in dispute as to the debtor's Count 1 claim against BAC and granted BAC's motion for partial summary judgment. HUD's joinder in BAC's motion for partial summary judgment was denied. The debtor's motion for partial summary judgment as to the invalidity of HUD's

unsecured non-purchase money deed of trust was sustained. (See the court's opinion and order, both dated December 21, 2009.)

BAC has now filed this second motion for partial summary judgment asserting that it is entitled to a judgment as a matter of law as to the remaining counts of the debtor's complaint. The debtor has alleged that BAC and its predecessor, Countrywide, charged improper and unauthorized fees in violation of §506 of the Bankruptcy Code and Rule 2016, Federal Rules of Bankruptcy Procedure. The debtor objected to BAC's proof of claim and additionally asserted that BAC and/or Countrywide committed violations of the automatic stay.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party."

Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

This court is of the opinion that this adversary proceeding has numerous material factual issues remaining in dispute. The debtor's payment history and the methodology employed by BAC/Countrywide in the application of the debtor's payments must be developed through an evidentiary hearing. The parties opposing views regarding the significance of the financial records have been made evident in telephonic conferences conducted by the court.

In summary, because of the aforesaid factual disputes, the court determines that BAC's motion for partial summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the ___7th___ day of ___April___, 2010.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE